# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1613V
Filed: October 31, 2018
UNPUBLISHED

| | |
|---|---|
| RICHARD DENHAM,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Jessica Anne Olins*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.
*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 26, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccine on September 28, 2016. Petition at 1. On August 29, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 25.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 25, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 34. Petitioner requests attorneys' fees in the amount of $15,607.90 and attorneys' costs in the amount of $1,399.85. *Id.* at 1-2. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $17,007.75.

On October 26, 2018, respondent filed a response to petitioner's motion. ECF No. 35. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On October 26, 2018, petitioner filed a reply. ECF No. 36. Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below

### I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel

"should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

### II. Attorney Fees

#### A. Billing Rates

The undersigned finds it necessary to reduce the hourly rate of for attorney Danielle Strait. Ms. Strait billed 0.10 hours at a rate of $320.00 in 2017. However, as is consistent with other cases in this program, Ms. Strait's rate is reduced to $307.00 per hour for work performed in 2017.[3] This results in a **reduction of $1.30**.

#### B. Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209.

Billing records show that 4 attorneys and 9 paralegals worked on this case, with some billing less than one hour. This resulted in multiple reviews of the same records, orders and entries of updating the same events in the case file. Attorneys Anne Golski, Jessica Olins and the paralegals list 34 entries as reviewing the same court notifications totaling 4 hours of time billed.[4] Multiple entries also show paralegals reviewing and updating the client file when the billing records show additional work performed between entries.

---

[3] The undersigned addressed Ms. Strait's rate for work performed in 2017 and found $307 was an appropriate hourly rate. *Russell v. Sec'y of Health & Human Servs.*, No. 16-1091V at 8 (Fed. Cl. Spec. Mstr. July 17, 2018).

[4] Example of these entries include: April 27, 2018 (0.1 hrs EKM) "Review electronic notice. Review Order and update client file. Update deadlines", April 30, 2018 (0.1 hrs AMG) "Review scheduling order and update file", August 29, 2018 (0.1 hrs AMG) "Review filing of proffer; update file re same" (0.1 hrs KAG) "Review electronic notice. Review proffer and update file", and September 4, 2018 (0.1 hrs AMG) "Review Judgment Order and update file re same" (0.1 hrs KAG) Review electronic notice. Review entitlement judgment and update file." ECF No. 34-1 at 9 and 13. AMG is attorney Anne M. Golski. EKM is paralegal Emily K. Monahan. KAG is paralegal Kimberly A Grabbe. These entries are merely examples and are not exhaustive.

### C. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.9 hours[5] was billed by paralegals on tasks considered administrative including, receiving documents, forwarding correspondence, reviewing and organizing the client file, and mailing documents.

For the reasons listed above the undersigned reduces the request for fees by 5 percent. **This results in a total reduction in the amount of $780.33**.

### III. Attorney Costs

Petitioner requests a total of $1,399.85 in attorney's costs which includes charges for medical records, travel expenses and shipping costs. ECF No. 34-2. The undersigned finds the amount requested reasonable and awards it in full.

### IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $16,226.12[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Jessica Anne Olins. Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

---

[5] Examples of these entries include: December 27,2016 (0.2 hrs) "Receive correspondence from client and documentation required to pursue claim. Update file", May 22, 2017 (0.1 hrs) "Finalize exhibits 4 & 5 for electronic submission to the ECF system", August 29, 2018 (0.1 hrs) "Review electronic notice. Review and download proffer.", and September 11, 2018 (0.1 hrs) "Receipt of fully executed statement regarding general order #9 from client." ECF No. 34-1 at 1, 3 and 13.  These entries are merely examples and are not exhaustive.

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

4

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.